UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE

| | |
|---|---|
| In re: : | |
| Katarina Giselle Madison : | Case No. 15-22561-DER |
| Debtor : | Chapter 13 |
| _____ | |
| Katarina Giselle Madison : | |
| Plaintiff : | |
| vs. : | Adv. Proc. No. _____ |
| David L. Ruben : | |
| David L. Ruben, P.A. | |
| : | |
| Defendants : | |
| _____ | |

**COMPLAINT SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING**
**(Legal Malpractice)**

**INTRODUCTION**

1.  This is an action filed by the Debtor in which she seeks to recover damages from the Defendants' legal malpractice.

**JURISDICTION AND VENUE**

2.  Jurisdiction is conferred on this Court pursuant to the provisions of 28 U.S.C. § 1334, and Local Rule 402 of the United States District Court for the District of Maryland, in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtor in that case.

3.  This Court has both personal and subject matter jurisdiction to hear this case

pursuant to 28 U.S.C. §§ 1334 and 157(b)(2), and pursuant to the Order of Reference made by the district court for this district (which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984).

4. This Court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. § 1367.

5. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

6. Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

7. Plaintiff in this case is the debtor under Chapter 13 of Title 11 of the United States Code in case number 15-22561, filed in the United States Bankruptcy Court for the District of Maryland, which case is presently pending before this Court (the "Main Case"). The Plaintiff is hereinafter referred to as the Plaintiff or Debtor.

8 David L. Ruben ("DLR") is an attorney admitted to practice law before the Maryland bar with an office address of 7310 Ritchie Hwy., Suite 704, Glen Burnie, Maryland 21061.

9. David L. Ruben, P.A. ("DLR-PA"), is a professional association wholly owned by DLR, is organized under the laws of the State of Maryland, and has an office address of 7310 Ritchie Hwy., Suite 704, Glen Burnie, Maryland 21061. DLR-PA does business under the names of "The Law Office of David L. Ruben, P.A." and "Maryland Bankruptcy Center." DLR serves

as DLR-PA's resident agent. DLR and DLR-PA are referred to collectively herein as "Ruben."

10. On or about March 7, 2014, Debtor employed Ruben to provide her with chapter 13 bankruptcy legal representation and services.

11. Ruben holds himself out to the public as knowledgeable in handling bankruptcy matters.

12. Debtor and Ruben agreed to an "up front" legal fee of $1,500, plus the $281 filing fee, before Debtor's bankruptcy case could be filed, with the $2,500 flat fee balance to be paid by Debtor through her chapter 13 bankruptcy plan after her bankruptcy case was filed.

13. On or about March 7, 2014, Debtor paid Ruben the required $1,781 pre-filing retainer.

14. On or about March 6, 2014, Debtor completed and submitted to Ruben the Client Questionnaire Ruben requires from bankruptcy clients, including the fact that she owned mortgaged real property located at 2726 Gallows Road, #507, Vienna, Virginia 22180 (the "Virginia Property").

15. On March 24, 2014, Debtor completed her required pre-bankruptcy credit counseling with Academy of Financial Literacy, Inc., and forwarded the certificate to Ruben.

16. Ruben agreed to monitor Debtor's real property and provide Debtor with advance warning of any scheduled foreclosure sale, to enable Debtor to file bankruptcy or otherwise prevent the sale of her real property before any such foreclosure sale.

17. Lindsay Darnes ("Darnes"), an employee of Ruben, was Debtor's main point of contact with Ruben.

18. Darnes, acting withing the scope of her employment, emailed Debtor and stated:

Please see attached credit report we pulled today. I looked on BWW law group's website, as of 3/29/14. The website does not show any dates after that so I will have to keep following up. [on March 17, 2014]

I checked BWW Law Groups website. There is no sale date as of 3/29/14. I will check again next week. They only post sales 2 weeks in advance. But at least we know it is not this month. [on March 19, 2014]

Once a foreclosure is finalized the Deed is transferred by [sic] to the bank, However, this will not happen because we will hopefully have the case filed prior to the sale date. [on March 31, 2014]

19. On or about May 15, 2014, the Virginia Property was sold at a foreclosure sale for $355,000, an amount significantly less than it was worth. Debtor incurred over $28,600 in foreclosure costs and fees for the sale. The Virginia Property was worth at least $398,000 on May 15, 2014, and has rapidly appreciated in value since then in terms of rental income and if sold for fair market value. The Virginia Property is now worth at least $433,000.

20. Debtor reasonably had no prior knowledge of the foreclosure sale of the Virginia Property.

21. Ruben failed to notify Debtor prior to the foreclosure sale of the Virginia Property that it had been scheduled for foreclosure sale.

22. Ruben owed Debtor a reasonable duty to exercise that degree of care and diligence in protecting Debtor's property from foreclosure sale as used by attorneys engaged in the practice of law. This reasonable duty included accurately monitoring the Virginia Property, obtaining and providing Debtor with prior notice of any scheduled foreclosure sale, and filing Debtor's bankruptcy petition before any such sale.

23. On or about June 30, 2014, Darnes emailed Debtor and explained how the

Virginia Property went to foreclosure without their prior knowledge:

> I have your address as 7031 Copperwood Way Columbia MD 21046. This Is the address I have been looking for when searching to see if your property is in foreclosure. Please forward me the complete address for Gallows Way.

24. By failing to obtain prior notice of the scheduled foreclosure sale of the Virginia Property, and exercise diligence in protecting that property from loss, Ruben breached the duty he owed to Debtor in violation of the standards reasonably to be expected of a reasonably competent practitioner in his profession, and in these circumstances, and by his acts and omissions as alleged herein, negligently failed to render proper legal representation to Debtor.

25. With the exception of Ruben's negligence in failing to obtain prior notice of the scheduled foreclosure sale of the Virginia Property, and exercise diligence in protecting that property from loss, the Debtor would not have lost ownership of the Virginia Property.

26. As a result of Ruben's negligence, Debtor has suffered economic loss and emotional trauma.

**WHEREFORE**, the Plaintiff having set forth her claims for relief against the Defendants respectfully pray of the Court as follows:

A. Plaintiff have and recover against the Defendants a sum to be determined by the Court in the form of actual damages, plus interest thereon;

B. Plaintiff have and recover against the Defendants all reasonable legal fees and expenses incurred by her attorney; and

C. The Court order such additional relief as is necessary in the interest of justice.

Respectfully submitted,
/s/ Robert J. Haeger, June 10, 2016
Robert J. Haeger, Bar No. 25434

        Attorney for Debtor-Plaintiff
        11403 Seneca Forest Circle
        Germantown, MD 20876
        (888) 463-3520; www.haegerlaw.com